FILED

06/30/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0438

DA 25-0438

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 141N

MARK LORENZ AND WADE LORENZ,
individually and d/b/a LORENZ BROTHERS
CONSTRUCTION,

        Plaintiffs, Counterclaim Defendants,
        and Appellees,

    v.

EDWARD C. WILLIAMS, JR.,

        Defendant, Counterclaim Plaintiff,
        and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
                     In and For the County of Lewis and Clark, Cause No. BDV-2016-54
                     Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robert Farris-Olsen, Morrison Sherwood Wilson & Deola, PLLP,
          Helena, Montana

      For Appellees:

          Craig D. Charlton, Smith Law Firm, P.C., Helena, Montana

                            Submitted on Briefs:  May 27, 2026
                                   Decided:  June 30, 2026

Filed:

                                _____
                                        Clerk

Justice Katherine M. Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In 2008, Edward Williams purchased real property located at 4595 York Road in Helena, Montana. In August 2012, Williams, a disabled veteran, sought to build an ADA-compliant home on this property using his VA benefits. The District Court found that, before this project, Mark Lorenz and Wade Lorenz of Lorenz Brothers Construction had not served as general contractors for the construction of an entire home. After several meetings and discussions regarding design and budget, the Lorenz Brothers prepared a "Proposal and Contract for New Home," which proposed a contract price of $155,420 and a completion goal of four to five months, or in May 2013. The parties disputed whether the proposal included a finished basement; the District Court credited the Lorenz Brothers' testimony that the proposal accounted for an unfinished basement. Williams did not sign the proposal.

¶3 On December 17, 2012, the Lorenz Brothers signed a $160,000 promissory note with PT Management, LLC, a subsidiary of Power Townsend, at a 15% interest rate. The same day, Williams signed a trust indenture and hypothecation agreement pledging the York Road property as collateral for the note. Construction began in late December 2012.

2

The District Court found that Williams consented to the Lorenz Brothers' presence on the property, though Williams disputed that fact.

¶4 In January of 2013, the foundation, walls, and roof were installed. In mid-February 2013, the parties' relationship broke down after a dispute over whether the basement would be finished within the original budget. The Lorenz Brothers testified that they told Williams the $155,420 bid accounted for an unfinished basement and that they could not finish the basement for that price. The District Court further found that Williams ordered the contractors off the property. When construction stopped, the home was approximately 30% to 40% complete, and more than $86,000 had already been drawn from the line of credit.

¶5 After construction stopped, Williams and Opportunity Bank requested that Hal Aasen of Montana Building Consultants inspect the home. Aasen identified twenty-six violations of the 2006 International Residential Code (IRC). Engineer Derek Brown later inspected the project. The District Court found that Brown testified the code violations and structural issues could be corrected, that most corrections were simple or relatively inexpensive, and that no reason existed to tear down the structure and start over. Wade Lorenz testified that the Lorenz Brothers would correct the violations, including repouring the patio, without additional charge or change orders.

¶6 Within a few days after Wade Lorenz returned to resume work and began correcting the patio, Williams again called the sheriff. By early March 2013, the Lorenz Brothers had been fully removed from the project. The line of credit came due on June 17, 2013, but

3

the Lorenz Brothers did not pay PT Management. On July 2, 2013, PT Management served Williams with a construction lien for $86,726.44.

¶7 In January 2016, Power Townsend and PT Management sued the Lorenz Brothers for failing to pay off the line of credit. On June 22, 2016, the Lorenz Brothers filed a third-party complaint against Williams, alleging breach of construction contract, breach of trust indenture contract, negligence, and unjust enrichment. The District Court dismissed the counts for breach of trust indenture and negligence. Williams then answered and filed counterclaims for intentional trespass, negligence, violation of the Montana Consumer Protection Act (MCPA), and violation of the Truth in Lending Act. After an unsuccessful settlement stay, the District Court lifted the stay on September 20, 2023, and set a new scheduling order. On July 12, 2024, the District Court granted summary judgment to Williams on the Lorenz Brothers' remaining claims for breach of contract and unjust enrichment. Williams voluntarily dismissed his Truth in Lending Act claim at trial, leaving his trespass, MCPA, and negligence claims for decision after a bench trial that was held on January 13, 2025.

¶8 On March 31, 2025, the District Court entered Findings of Fact, Conclusions of Law, and Order. The court dismissed Williams's trespass and MCPA claims, awarded him $35,000 on his negligence claim for the patio-related repairs, and dismissed the remaining negligence theories.

¶9 On appeal from a bench trial, this Court reviews the district court's findings of fact for clear error. *Roland v. Davis*, 2013 MT 148, ¶ 21, 370 Mont. 327, 302 P.3d 91. Clear error exists when substantial evidence does not support the finding of fact, the district court

4

misapprehended the evidence, or this court has a definite and firm conviction that the district court made a mistake. *Roland*, ¶ 21. We review conclusions of law for correctness. *Roland*, ¶ 21. In a bench trial, the district court acts as the "exclusive judge" of witness credibility. Section 26-1-302, MCA; *State v. Sanchez,* 2017 MT 192, ¶¶ 18-19, 388 Mont. 262, 399 P.3d 886. Mitigation findings are factual and reviewed for clear error. *McCormick v. Brevig,* 2007 MT 195, ¶ 41, 338 Mont. 370, 170 P.3d 599.

**Montana Consumer Protection Act**

¶10 The MCPA provides a private cause of action and treble damages upon proof that the consumer suffered "ascertainable loss of money or property" caused by the "use or employment" of "unfair or deceptive acts or practices in the conduct of any trade or commerce." Sections 30-14-103, -133(1), MCA. This Court has held "as a matter of law that an unfair act or practice is one which offends established public policy and which is either immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *WLW Realty Partners, LLC v. Cont'l Partners VIII, LLC*, 2015 MT 312, ¶ 31, 381 Mont. 333, 360 P.3d 1112; *Rohrer v. Knudson*, 2009 MT 35, ¶ 31, 349 Mont. 197, 203 P.3d 759.

¶11 Williams raises compelling MCPA arguments. He contends the $155,420 proposal price was unrealistically low; the allowances were vague, "misleadingly low," and insufficient to allow a consumer to understand what the proposal included; a four-to-five-month completion timeline was unrealistic; and the project caused an objectively measurable pecuniary loss. He relies on evidence that the home was only 30% to 40%

complete when the Lorenz Brothers left, that more than $86,000 had been drawn on the line of credit, and that the project contained twenty-six IRC violations.

¶12    The District Court did not disregard the MCPA theory. It identified the challenged proposal price, allowances, timeline, and description-of-material issues, but credited contrary testimony from Mike Wall of Power Townsend and the Lorenz Brothers. Wall testified that Power Townsend reviewed the bid, was comfortable with financing the project based on the bid and the purchase of materials through Power Townsend and could supply midrange and first-quality materials within the budget. The Lorenz Brothers testified that no change orders or price increases had been given to Williams when construction stopped and that the home could have been completed as contracted. The court also found Mark Lorenz and Wade Lorenz credible and Williams not credible at times.

¶13    A materially understated or misleading residential construction proposal may support an MCPA claim on an appropriate record. We do not hold that vague allowances, unrealistic pricing, or an unrealistic completion timeline can never constitute an unfair or deceptive act or practice. We hold only that, on this record and under the applicable standard of review, Williams has not shown that the District Court clearly erred in its factual findings or incorrectly concluded that he failed to prove an unfair or deceptive act or practice causing financial detriment. We therefore affirm the District Court's dismissal of the MCPA claim.

**Negligence and Mitigation**

¶14    Contractors owe a common law duty to construct a house in a good and workmanlike manner. *Mitchell v. Carlson*, 132 Mont. 1, 20, 313 P.2d 717, 721-22 (1957); *Carroccia v. Todd*, 189 Mont. 172, 176, 615 P.2d 225, 227 (1980). The party asserting failure to mitigate bears the burden of proof. *A. T. Klemens & Sons v. Reber Plumbing & Heating Co.*, 139 Mont. 115, 125, 360 P.2d 1005, 1010 (1961). The duty to mitigate requires an injured party to do what an ordinarily prudent person would do under the circumstances, but it does not require unreasonable or impracticable action. *McPherson v. Kerr*, 195 Mont. 454, 459-60, 636 P.2d 852, 855-56 (1981).

¶15    Williams argues that the Lorenz Brothers were negligent as a matter of fact and law because the partially completed home contained twenty-six IRC code violations, including defects involving the foundation, slab, framing, roofing, deck, patio, waterproofing, and ADA-related access (failing to provide the level flooring required for ADA compliance and using inferior materials like MDF trim instead of the specified pine). He further argues that the District Court effectively excused unworkmanlike construction because the defects were correctable. Williams also contends he did not fail to mitigate because he could not afford to hire another contractor and because it was unreasonable to require him to allow the same contractors to cure the defects they created.

¶16    Correctability does not erase defective work. We therefore do not affirm on the ground that code violations cease to matter because they can be corrected. Instead, assuming without deciding that the twenty-six IRC violations established defective work at the time of inspection, substantial credible evidence supports the District Court's

narrower causation, damages, and mitigation findings. Brown testified that the code violations and structural issues could be corrected and that no reason existed to tear down the structure. Wade Lorenz testified that the Lorenz Brothers would correct the violations, including repouring the patio, without additional charge. The District Court credited that testimony and found that Williams prevented the Lorenz Brothers from completing the recommended remedies.

¶17 Williams relies on *McPherson*, 195 Mont. at 459-60, 636 P.2d at 855-56, to justify his inaction, specifically the principle that the duty to mitigate "does not run to a person financially unable to make such expenditures." He argues that because his sole form of income was VA disability and he lives on a fixed income that he could not afford a replacement contractor and therefore did not breach his duty to mitigate.

¶18 However, Williams's reliance on *McPherson* does not require reversal. *McPherson* protects an injured party from being required to make unreasonable or impracticable expenditures, including expenditures the party is financially unable to make. *McPherson*, 195 Mont. at 459-60, 636 P.2d at 855-56. It does not provide a shield for unreasonable inaction when an available corrective option is offered at no cost. Here, the District Court found that Williams refused an available no-cost corrective option and then did nothing to protect the structure or materials from weather and deterioration for more than a decade. Those findings distinguish *McPherson* and support the District Court's mitigation ruling.

¶19 Williams's distrust of the Lorenz Brothers is understandable given the number and nature of the alleged defects. A homeowner is not invariably required to allow the same contractor to return to a project regardless of the circumstances. But the question here is

8

not what this Court would have found in the first instance. The District Court heard the witnesses, credited Brown and the Lorenz Brothers, found that the defects were correctable, found that the Lorenz Brothers would correct them without additional charge, and found that Williams's refusal and later inaction caused or increased the non-patio damages he seeks. On this record, those findings are not clearly erroneous.

¶20 Consequently, the District Court did not err by limiting Williams's negligence recovery to the $35,000 patio award and dismissing the remaining negligence theories based on failure of proof, causation, and mitigation.

**Cross-Appeal**

¶21 Williams argues that, because the Lorenz Brothers did not file a timely cross-appeal, they may not challenge the District Court's finding that the partially completed home had twenty-six IRC violations or seek reduction of the $35,000 patio award.

¶22 Williams is correct in part. Without a cross-appeal, the Lorenz Brothers may not obtain affirmative relief reducing or eliminating the $35,000 patio judgment. *Bucy v. Edward Jones & Co.*, 2019 MT 173, ¶ 23, 396 Mont. 408, 445 P.3d 812. They may, however, defend the judgment on any ground supported by the record. We therefore consider their arguments only insofar as they support affirmance and do not reduce the patio award.

¶23 Because the District Court did not clearly err or misapply the MCPA when it concluded that Williams failed to prove an unfair or deceptive act or practice causing financial detriment, and because substantial credible evidence supports the District Court's causation, damages, and mitigation findings on Williams's negligence claim, we affirm.

9

¶24     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

                                        /S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE